**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  16-CV-22585**
**(Criminal Case No. 14-20130-CR-SCOLA)**

ANTRON EDWARDS
       Movant,

v.


UNITED STATES OF AMERICA,
       Respondent.
_____/

**MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**
**AND MEMORANDUM OF LAW IN SUPPORT**

ANTRON EDWARDS, through undersigned counsel, respectfully moves this
Court to correct his sentence, pursuant to 28 U.S.C. § 2255, and states:

1.    On August 14, 2014, Mr. Edwards was convicted of being a felon in
possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

2.    At sentencing, Mr. Edwards was subject to the Armed Career Criminal Act's
("ACCA") 15-year mandatory minimum sentence. 18 U.S.C. § 924(e).

3.    Mr. Edwards now requests relief in light of the Supreme Court's decision in
*Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015), which
held that the ACCA's "residual clause" in § 924(e)(2)(B)(ii) is
unconstitutionally vague.

4.    Application of *Johnson* to this case shows that Mr. Edwards' sentence was
imposed in excess of the statutory maximum.

5.    Accordingly, Mr. Edwards is entitled to relief under § 2255.

1

## PROCEDURAL HISTORY

On March 4, 2014, Mr. Edwards was charged by indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Crim. DE 1.[1]

On August 15, 2014, the Court conducted a change of plea hearing.  On November 5, 2014, the final revised presentence investigation ("PSI") report was disclosed.  Crim. DE 31.  Probation advised it was relying on the convictions in ¶¶ 25, 26, 27, 28, 30 and 32 of the PSI to enhance Mr. Edwards under the ACCA. Crim. DE 31 ¶ 17.

On November 13, 2014, the Court sentenced Mr. Edwards to a mandatory minimum term of imprisonment of 180 months as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).

Mr. Edwards has not filed any previous motions under 28 U.S.C. § 2255.

## GROUNDS FOR RELIEF

Mr. Edwards is no longer an armed career criminal.  As an initial matter: Mr. Edwards' claim is cognizable on collateral review; *Johnson* applies retroactively to this case; and Mr. Jones' claim is timely.

### I.   Mr. Edwards' Claim is Cognizable Under § 2255

Section 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution . . . or that the sentence was in excess

---

[1] "Crim. DE" refers to docket entries in Mr. Edwards' underlying criminal case, No. 14-20130-CR-SCOLA.

of the maximum authorized by law . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statutory maximum sentence for being a felon in possession of a firearm, in violation of § 922(g)(1), is ordinarily ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, where the defendant "has three previous convictions . . . for a violent felony[2] or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." *Id.* § 924(e)(1). Thus, this Court "can collaterally review a misapplication of the Armed Career Criminal Act because . . . that misapplication results in a sentence that exceeds the statutory maximum." *Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc).

## II.    Mr. Edwards' Motion is Timely

As relevant here, § 2255 imposes a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  That date runs from the date the Supreme Court recognizes the new right.  *Dodd v. United States*, 545 U.S. 343, 360 (2005).

---

[2] As relevant here, the term "violent felony" includes certain crimes that "(i) ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another ["elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives ["enumerated offenses"], or otherwise involves conduct that presents a serious potential risk of physical injury to another ["residual clause"]." 18 U.S.C. § 924(e)(2)(B).

3

Mr. Edwards' motion is timely under § 2255(f)(3). In declaring the ACCA's residual clause unconstitutionally vague, *Johnson* recognized a new right because that result was not "dictated by precedent" at the time Mr. Jones' conviction became final. *See Howard v. United States*, 374 F.3d 1068, 1073–74 (11th Cir. 2004). To the contrary, the Supreme Court itself, as well as the Eleventh Circuit, had repeatedly rejected vagueness challenges to the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013). And, as explained above, *Johnson* applies retroactively because it is a substantive rule.

Therefore, Mr. Edwards has one year from the date *Johnson* was decided— June 26, 2016—to seek relief. *See Dodd v. United States*, 545 U.S. 343, 360 (2005). Thus, this motion is timely under § 2255(f)(3).

### III. *Johnson* Applies Retroactively to this Case

In *Welch v. United States*, the Supreme Court squarely held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive"); *Mays v. United States*, 817 F.3d 728, 736 (11th Cir. 2016) (concluding even before *Welch* that "*Johnson* is retroactive because it qualifies as a substantive rule . . . since it narrows the class of people that may be eligible for a heightened sentence under the ACCA."). Thus, there can be no dispute that *Johnson* applies retroactively to this case.

4

## IV.    The categorical and modified categorical approach

Before explaining why Mr. Edwards is no longer an armed career criminal, it is necessary to briefly set out the governing analytical framework. That framework, summarized below, was refined most recently in *Descamps v. United States*, 133 S. Ct. 2275 (2013), which is "the law of the land" and "must be . . . followed." *United States v. Howard*, 73 F.3d 1334, 1344 n.2 (11th Cir. 2014).

In determining whether a prior conviction qualifies as a "violent felony," sentencing courts must apply the "categorical approach." Under that approach, "courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). In adopting this approach, the Court emphasized both Sixth Amendment concerns (explained below) and the need to avert "'the practical difficulties and potential unfairness of a [daunting] factual approach.'" *Id.* at 2287 (quoting *Taylor*, 495 U.S. at 601). As a result, courts "look no further than the statute and judgment of conviction." *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014) (citation omitted). And, in doing so, they "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2011) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

After *Johnson*, a conviction may qualify as a "violent felony" if it is one of the ACCA's enumerated offenses. In determining whether a prior conviction so

qualifies, the court must ask whether "the relevant statute has the same elements as the 'generic' ACCA crime." *Descamps*, 133 S. Ct. at 2283. If so, "then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is necessarily guilty of all the generic crime's elements." *Id.* (citation and ellipses omitted). However, "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.* "The key . . . is elements, not facts." *Id.*

A prior conviction may also qualify as a "violent felony" if it satisfies the ACCA's elements/force clause. The categorical approach applies equally in that context. Again looking no further than the statute and judgment of conviction, a conviction will qualify as an ACCA predicate "only if the statute on its face requires the government to establish, beyond a reasonable doubt and without exception, an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under the statute." *Estrella*, 758 F.3d at 1244 (citation omitted). "Whether, in fact, the person suffering under this particular conviction actually used, attempted to use, or threatened to use physical force against a person is quite irrelevant. Instead, the categorical approach focuses on whether in every case a conviction under the statute *necessarily* involves proof of the element." *Id.* (citations omitted).

To implement the categorical approach, the Supreme Court has "recognized a narrow range of cases in which sentencing courts" may look beyond the statute and

judgment of conviction and employ what it is referred to as the "modified categorical approach." *Descamps*, 133 S. Ct. at 2283–84. Those cases arise where the statute of conviction contains alternative elements, some constituting a violent felony and some not. In that scenario, "the statute is 'divisible,'" in that it "comprises multiple, alternative versions of the crime." *Id.* at 2284. As a result, "a later sentencing court cannot tell, without reviewing something more [than the statute and judgment of conviction], if the defendant's conviction" qualifies as violent felony. *Id.*

Two key points must be made about the modified categorical approach. First, *Descamps* made clear that "the modified categorical approach can be applied only when dealing with a divisible statute." *Howard*, 742 F.3d at 1344. Thus, where the statute of conviction "does not concern any list of alternative elements" that must be found by a jury, there is no ambiguity requiring clarification, and therefore the "modified approach . . . has no role to play." *Descamps*, 133 S. Ct. at 2285–86; *see Estrella*, 758 F.3d at 1245–46; *Howard*, 742 F.3d at 1345–46. "[I]f the modified categorical approach is inapplicable," then the court must limit its review to the statute and judgment of conviction. *Howard*, 742 F.3d at 1345. And, even if a statute is divisible, the court need not employ the modified categorical approach if none of the alternatives would qualify. *Id.* at 1346–47.

Second, even where the modified categorical approach does apply, it does not permit courts to consider the defendant's underlying conduct. Rather, "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an

7

exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Descamps*, 133 S. Ct. at 2285. And, in order to ensure that the focus remains on the statutory elements rather than the defendant's underlying conduct, the court is restricted in what documents it may consider.

In *Shepard v. United States*, 544 U.S. 13, 15 (2005), the Supreme Court held that courts are "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." What these *Shepard* documents have in common is that they are "conclusive records made or used in adjudicating guilt." *Id.* at 21; *see id.* at 23 ("confin[ing]" the class of permissible documents "to records of the convicting court approaching the certainty of the record of conviction"). That accords with their function in the modified categorical approach—namely, to permit the court to identify the elements for which the defendant was convicted. *Descamps*, 133 S. Ct. at 2284.

Importantly, and as the Supreme Court explained in *Descamps*, that inexorable focus on the elements derives in large part from "the categorical approach's Sixth Amendment underpinnings." *Id.* at 2287–88. Other than the fact of a prior conviction, a jury must find beyond a reasonable doubt any fact that increases a defendant's sentence beyond the prescribed statutory maximum. *Id.* at 2288 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The reason for the "prior conviction" exception is that, during the earlier criminal proceeding, the

defendant either had a jury or waived his constitutional right to one. *See Apprendi*, 530 U.S. at 488.

As the Supreme Court made clear in *Descamps*, the use of *Shepard* documents "merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits." 133 S. Ct. at 2288. This is so because "the only facts the court can be sure the jury . . . found [beyond a reasonable doubt] are those constituting elements of the offense;" and, similarly, "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements." *Id.* But where a court relies on non-*Shepard* documents to increase a defendant's sentence, it "extend[s] judicial factfinding" "beyond merely identifying a prior conviction," violating the Sixth Amendment. *Id.*

In sum, in determining whether a conviction qualifies as a violent felony, a court must generally consider only the statute and judgment of conviction. Only if the statute is divisible may the court consider *Shepard* documents, and it may do so only for the sole purpose of ascertaining the statutory elements for which the defendant was convicted. Once those elements are identified, the court must determine whether the least of the acts prohibited thereby constitutes a generic offense enumerated in the ACCA or necessarily requires the use, attempted use, or threatened use of violent, physical force against another. In no case may a court rely on non-*Shepard* documents or analyze whether the defendant's underlying conduct constituted a violent felony.

## V.  Mr. Edwards is No Longer an Armed Career Criminal

At sentencing, the court relied on the following prior convictions to sentence Mr. Edwards as an armed career criminal: (1) burglary (Dkt. # 96-CR-3431); (2) fleeing and eluding high speed chase (Case No. F97-249); (3) arson first degree (Case No. F97-19328); (4) possession with intent to sell or deliver cocaine (Case No. F98-30428); (5) burglary of an unoccupied structure (Case No. F99-42693); and (6) cocaine/sell/man/del/poss with intent (Case No. F05-16908B) . *See* PSI ¶ 17. As explained below, Mr. Edwards no longer has three qualifying predicate convictions in light of *Johnson*.

### A. FLORIDA FLEEING AND ELUDING

Before *Johnson*, fleeing and eluding under Fla. Stat. § 316.1935 qualified as a violent felony only under the ACCA's residual clause.  This is so because it is clearly not an enumerated offense, 18 U.S.C § 924(e)(2)(B)(ii); nor does it have as "an element the use, attempted use, or threatened use of physical against the person of another," *id.* § 924(e)(2)(B)(i), *see Johnson v. United States*, 559 U.S. 133, 140 (2010) ("the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person").  Thus, absent the residual clause, fleeing and eluding no longer qualifies as a violent felony.  *See United States v. Brunson*, 351 Fed. App'x 402, 403–04 (11th Cir. 2009) (recognizing that fleeing and eluding under Fla. Stat. § 316.1935(a) could qualify only under the residual clause because it "does not have an element of physical force and is not among the enumerated offenses").

10

The government has repeatedly and correctly conceded that fleeing and eluding no longer qualifies as a violent felony in light of *Johnson*. *See, e.g.*, *United States v. Adams*, U.S. Letter Brief, 2015 WL 4503308, at *2 (11th Cir. July 22, 2015) ("In light of *Johnson*, the United States concedes that the residual clause cannot justify the district court's use of Adams' two fleeing-and-eluding convictions to enhance his sentence under the ACCA. Furthermore, that crime, which involves intentional flights from a law-enforcement officer or refusal to stop after being ordered to do so, *see* Fla. Stat. § 316.1935, does not qualify as a violent felony under the ACCA's surviving provisions either"); *United States v. Raymond*, No. 14-14578, U.S. Letter Brief at 2–3 (11th Cir. July 13, 2015) ("we agree with Raymond that his prior conviction for fleeing and eluding in violation of Fla. Stat. §316.1935(1), can no longer qualify as a violent felony under the 'residual clause' of the ACCA. And although *Johnson* did not call into question the application of the 'elements clause' of the ACCA's definition of violent felony, fleeing and eluding in violation of Fla. Stat. §316.1935(1) does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another'"); *Nix v. United States*, No. 16-cv-80986, D.E. 9 at 2 (S.D. Fla. June 20, 2016) ("we are unable to make the requisite showing as to Nix's conviction for fleeing and eluding under the ACCA").

**B. ARSON**

Mr. Edwards' 1998 conviction for arson, pursuant to Fla. Stat. § 806.01(1), is not generic arson as contemplated in the enumerated clause and is thus not an

appropriate predicate under the ACCA. To be convicted of arson under Fla. Stat. § 806.01, the State must prove the following beyond a reasonable doubt: (1) Defendant did willfully and unlawfully or while engaged in the commission of a felony cause a fire or explosion and (2) in a structure, where persons would normally be present at the time of the fire or explosion, or the contents of a structure where persons would normally be present at the time of the fire or explosion, was damaged by the fire or explosion. Fla. Std. Jury Insr. 12.1. Florida arson is not generic arson for 2 reasons: (1) it can be accomplished without intending to damage the dwelling or structure, therefore lacking the *mens rea* as to each element; and (2) it can be accomplished by destroying the defendant's own property.

The federal arson statute, 18 U.S.C. § 81, reads that "whoever … willfully and maliciously sets fire to or burns any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids … shall be imprisoned for not more than 25 years …." In general, courts interpret criminal statutes to require that a defendant possess a *mens rea*, or guilty mind, as to every element of an offense. *See Elonis v. United States*, 135 S.Ct. 2001 (2015). This is reflected above, where the statute reads "willfully and maliciously …." 18 U.S.C. § 81. The same is *not* true with respect to the Florida arson statute. Florida Std. Jury Insr. 12.1 specifically states that "[i]n order to convict the defendant of Arson, it is not necessary for the State to prove [he] intended to damage the [dwelling] [structure]." *See Knighten v. State*, 568 So.2d

1001 (Fla. 2d DCA 1990) (holding that defendant must only intend to start fire, does not have to intend to damage dwelling). For this reason, the Florida definition of arson is broader than its federal analogue, and is thus not "generic" arson.

Additionally, Florida courts permit convictions for arson when the defendant only damages his own property. In *State v. Tomblin*, 400 So.2d 1012 (Fla. 5th DCA 1981), the Fifth District held that the arson statute could be violated by defendant burning his jail-issue clothing, despite the absence of structural damage to the jail itself. In its opinion, the Fifth District notes that "the statute is a significant and deliberate departure from common law" with its inclusion of "contents" in the statute. *Id.* at 1013. This exact type of broad language was very recently discussed by the United States Supreme Court in regards to what constitutes "crimes of violence" in the immigration context: "[18 U.S.C. § 16's crime of violence provision] would not reach arson in the many States defining that crime to include the destruction of one's own property." *Luna-Torres v. Lynch*, 2016 WL 2903424, __ S. Ct. __ (May 19, 2016), citing with approval *Jordison v. Gonzalez*, 501 F.3d 1134 (9th Cir. 2007) (holding California's arson statute did not qualify as a "crime of violence" in the immigration context). In *State v. Wall*, 445 So.2d 646 (Fla. 2d DCA 1984), the Second District defined "unlawfully" as where

> one willfully, by fire or explosion, damages or causes to be damaged a structure which is his own property, the word 'unlawfully' in subsection (2) or section 806.01 means, at the very least, that an injury result to any perso or damage ensue to any other property, or that there be an intent that such injury or damage occur, or that a danger of such injury or damage to be present.

13

*Wall*, 445 So.2d at 648, citing *State v. Mayle*, 406 So.2d 108, 109 (Fla. 5th DCA 1981). This is broader than the Federal analogue, and thus not generic arson[3]. The only other avenue to find Florida arson is a violent felony is the now-stricken residual clause.

## C. FLORIDA BURGLARY OF A STRUCTURE AND GEORGIA BURGLARY

In 2000 when Mr. Edwards was convicted of his burglary offense, the Florida burglary statute provided that "'burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein …." Fla. Stat. § 810.02(1). Critically, the Florida legislature has long defined both the term "structure" for purposes of the burglary statute to *always* include the "curtilage" of the building. *See* Fla. Stat. § 810.011(1) ("'Structure' means a building of any kind, either temporary or permanent, which has a roof over it, *together with the curtilage thereof*.") (emphasis added).

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court construed the "burglary" offense enumerated in the ACCA to refer to "generic" burglary, which it defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. After *Taylor*, both the Supreme Court and the Eleventh Circuit recognized that Florida burglary "does not meet the definition of burglary under ACCA that this Court set forth in *Taylor*,"

---

[3] The Government relies upon the enumerated clause to find that arson is a "violent felony," and does not mention the elements clause. [DE 9]. Because Florida arson can be committed by destruction of property only, it does *not* have as an element "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B).

because Florida uniquely defines the term "structure" to include the curtilage. *James v. United States*, 550 U.S. 192, 197, 212 (2007) ("[T]he inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary'"); *see, e.g.*, *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1345 (11th Cir. 2013) ("Since Fla. Stat. § 810.02 defines [structure] to include *both* the structure and its surrounding curtilage, *Taylor* rendered it impossible to hold that § 810.02 was categorically a violent felony under the ACCA's enumerated felonies clause.").

Nonetheless, prior to the sentencing in this case, the Eleventh Circuit held that the ACCA's residual clause provided an alternative path to the enhancement for Florida burglaries. *See United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006) ("even if Matthews's third degree burglary convictions are not for 'generic burglary,' they are convictions for violent crimes under the ACCA because they saisfy th[e] alternative definition" in the residual clause). And notably, that remained the law in this Circuit until *Johnson*. *See United States v. Kirk*, 767 F.3d 1136, 1139-1141 & n.1 (11th Cir. 2014) (noting that "Kirk and the government agree that Florida's definition of burglary is broader than generic burglary and that the enumerated offenses clause does not apply to Kirk's case," but following *Matthews* to hold that Florida 2nd degree burglary convictions were nonetheless "violent felonies" within the ACCA's residual clause), *certiorari granted, vacated, and remanded for reconsideration in light of Johnso*n, 135 S.Ct. 2941 (2015).

Now that *Johnson* has effectively excised the residual clause from the ACCA, thus abrogating *Matthews* and *Kirk*, the only possible way for Mr. Edward's Florida burglary conviction to qualify as an ACCA predicate would be under the ACCA's enumerated offenses clause.   And for the following reasons, the Florida burglary statute is not only non-generic and overbroad, but also indivisible according to *Descamps* because the definition of "structure" in § 810.011(1) is itself non-generic, overbroad, and indivisible.  Therefore, under current law, no Florida burglary of a "structure" conviction ever qualifies as the enumerated offense of "burglary" in the ACCA.

The Eleventh Circuit was clear in *Howard* that even if a statute is technically "divisible" in the sense that there are different manners of violating the statute, if "*none* of the alternatives" match the elements of the generic crime, "the court can and should skip over any *Shepard* documents and simply declare that the prior conviction is not a predicate offense based on the statute itself." 742 F.3d at 1346. That is the case here.   Just as the burglary of a conveyance is never generic burglary, the burglary of a "structure" under Florida law is also never generic burglary.  This is so because, by definition, a "structure" in Florida *always* includes not simply a building, but a "building …. ***together with the curtilage thereof***" – which is an indivisible, overbroad definition.   The words "together with" and "thereof" are meaningful – not superfluous in that definition.   "Thereof" plainly refers back to the term "building" in § 810.011.  "The curtilage thereof" makes *no* sense on its own. Section 810.011 notably does *not* define a "structure" as a

16

"building" OR "the curtilage thereof." To the contrary, the crucial term "together with" tethers the "building" to "the curtilage thereof" to create a single, indivisible "structure" element. And for that reason, the modified categorical approach has "no role to play" here. *Descamps*, 133 S.Ct. at 2285.

In *Howard*, the Eleventh Circuit explained that sentencing courts conducting divisibility analysis "should usually be able to determine whether a statute is divisible by simply reading its text and asking if its elements or means are 'drafted in the alternative.'" 742 F.3d at 1346 (citing *Descamps*, 133 S.Ct. 2285 n.2). However, they are "*bound* to follow any state court decisions that define or interpret the statute's substantive elements because state law is what the state supreme court says it is." *Id.* (emphasis added). And notably, in *Baker v. State*, 636 So.2d 1342 (Fla. 1994), the Florida Supreme Court definitively construed Fla. Stat. § 810.02, and confirmed that the terms "building" and "curtilage" are *not* alternatives, but rather are part of a single indivisible definition of "structure" in the statute since there is no separate crime denominated "burglary of a curtilage." *See id.* at 1344 ("*There is no crime denominated burglary of a curtilage;* the curtilage is not a separate location wherein a burglary can occur. Rather it is an integral part of the structure or dwelling that it surrounds. Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.")(emphasis added).[4]

---

[4] Consistent with *Baker*, Florida's standard jury instructions defines "structure" to *always* include the curtilage. *See, e.g.*, Fla. Std. Jury Instr. in Crim. Cases 13.1 (defining "structure" to "mean[ ] any building of any kind, either temporary or permanent, that has a roof over it, *and the enclosed space of ground and outbuildings immediately surrounding that structure*") (emphasis added). The only

Because this Court is bound by the Florida Supreme Court's interpretation of its own burglary statute, *see Howard*, 742 F.3d at 1346, that plain-language definitive interpretation renders the burglary statute not only overbroad but "indivisible." And under *Descamps* and *Howard*, that renders every "burglary of a structure" conviction under § 810.02 categorically overbroad; such a conviction is never countable as the enumerated crime of "burglary" in the ACCA; and the modified categorical approach simply does not apply. *Descamps*, 133 S. Ct. at 2293; *Howard*, 742 F.3d at 1346.

Notably, every judge and magistrate judge in this district to have considered the issue has consistently found after *Descamps* that Florida's similar definition of "dwelling" is indeed, indivisible on its face, categorically overbroad, and that a Florida burglary conviction does not qualify as either the enumerated "violent felony" in the ACCA, or the enumerated "crime of violence" in the Guidelines. *See, e.g.,*

- *United States v. Cardoso*, Case No. 13-CR-60103-Cohn, DE44 at 10 (S.D. Fla. May 8, 2014) (concluding that "Florida's burglary statute is non-generic and indivisible" because it "defines dwelling to include any building . . . together with the curtilage thereof. The inclusion of the word 'curtilage' in the definition of burglary makes Florida's burglary [of a] dwelling Statute broader than the generic burglary of a dwelling Statute. The Statute is indivisible because the definition of dwelling also includes the curtilage therefore. Accordingly, there is no legal basis for the Court to utilize the modified categorical approach.");

- *United States v. Dixon*, Case No. 13-CR-20370-Altonaga, DE45 at 8-9 (S.D. Fla. July 3, 2014) (expressly agreeing with the defense that "the definition of

---

"alternatives" that the jury must find beyond a reasonable doubt in this instruction – a building vs. a conveyance – are bracketed. And since the italicized phrase above is not bracketed, it plainly is *not* a statutory alternative to "building."

dwelling in the Florida statute is categorically overbroad and indeed it is indivisible, just with a plain reading of the statutory language, curtilage, therefore, plainly has to refer back to a building or conveyance. It makes no sense on its own");

- *Wheeler v. United States*, Case No. 14-cv-80782-Middlebrooks/Brannon, DE26, DE27 (S.D. Fla. Aug. 11, 2015) (order granting §2255 motion based on *Johnson*, and adopting Magistrate's Report and Recommending finding it "undisputed that Wheeler's prior three burglary convictions did not fall under the 'use of force' or the 'enumerated offense' clauses");

- *Bush v. United States*, Case No. 15-cv-81271-Dimitrouleas, DE16 at 2 (S.D. Fla. Nov. 5, 2015) (order granting §2255 motion based on *Johnson*, finding "that Burglary in Florida is not a divisible crime," and that the defendant therefore "does not qualify as an ACCA offender");

- *Harrell v. United States*, Case No. 14-cv-61396-Zloch/Hunt, DE28 at 2, DE25 at 6-7 (S.D. Fla. Mar. 1, 2016) ("As a result of *Descamps*, convictions pursuant to Florida's burglary of a dwelling crime may not be used to support a sentence enhancement under the enumerated-offense clause of §924(e);" adopting the Supplemental Report and Recommendation, concluding that "section 810.02, Florida statutes, is indivisible, and that the modified categorical approach, post-*Descamps* cannot be applied in this case");

- *Villa v. United States*, Case No. 15-22898-Civ Seitz/White, DE17 at 21-32(S.D.Fla. June 14, 2016) (Report and Recommendation agreeing with, and following, all of the above rulings; recommending that § 2255 relief be granted because the Florida burglary conviction no longer qualified as a predicate to support the ACCA enhancement; specifically finding that the movant is correct that "Florida's burglary statute is, in fact, indivisible;" that the government was incorrect in arguing to the contrary; citing *Baker* as confirming the indivisibility of the Florida burglary statute; and concluding that "review of *Shepard* approved documents is not authorized" and after *Descamps* "the inquiry is over" ); and

- *United States v. Antron Rogers*, Case No. 16-20999-Civ-Huck/White, DE13 (S.D.Fla. June 17, 2016) (same).

And now, the Supreme Court itself has confirmed by its decision in *Mathis v. United States*, ___ S.Ct. ___, 2016 WL 3434400 (June 23, 2016) (No. 15-6092) that the conclusions of these judges and magistrate judges were prescient and

indisputably correct. *See id.* (reaffirming that "application of the ACCA involves, and involves only, comparing elements;" even a statute like Iowa's that itemizes "various places" in which a burglary could occur as "disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific finding" in that regard, is indivisible under *Descamps*; and a statute that is non-generic, overbroad, and indivisible is never an ACCA predicate).

Accordingly, this Court should hold – consistent with the other judges on this Court to have considered this issue post-*Descamps*, and as now confirmed by the Supreme Court in *Mathis* – that the Florida burglary statute is non-generic, overbroad, and indivisible. As a result, a conviction under the statute can never qualify as a violent felony under the ACCA's enumerated-offense clause. And as in *Descamps*, "[t]he modified approach . . . has no role to play in this case." 133 S.Ct. at 2285. Under the categorical approach, the Court should simply declare here – as the Supreme Court just declared in *Mathis* – that "the inquiry is over," *id.*, and that a Florida burglary conviction no longer qualifies as ACCA predicate after *Johnson*. The same argument holds true for Mr. Edwards' 1996 Georgia burglary conviction.

## CONCLUSION

Because Mr. Edwards no longer qualifies as an armed career criminal, he respectfully requests that this Court grant this § 2255 motion and re-sentence him without the Armed Career Criminal Act enhancement.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:    *s/Ayana N. Harris*
        Ayana N. Harris
        Assistant Federal Public Defender
        Florida Bar No. 537624
        150 West Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel:  305-530-7000/Fax:  305-536-4559
        E-mail: ayana_harris@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Ayana Harris*
        Ayana N. Harris