United States District Court
for the
Southern District of Florida

| Antron Demond Edwards, Movant | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) Civil Action No. 16–22585-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

**<u>Order on Report and Recommendation</u>**

This case was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. After holding a hearing, Judge Otazo-Reyes issued a report, recommending that Petitioner Antron Demond Edwards's motion to vacate his sentence be granted. (Rep. & Rec., ECF No. 19, 1.) The Government filed objections to one of the sections of Judge Otazo-Reyes's report. (Gov.'s Obj. to Sec. 6, ECF No. 21, 1.) Edwards, represented by counsel, neither objected to the report nor responded to the Government's objections. After a de novo review, the Court **accepts in part and rejects in part** the magistrate judge's report and recommendation and **denies** Edwards's motion (**ECF No. 1**).

1. **Background**

Edwards was charged, in 2014, with three counts related to an armed robbery of a McDonald's restaurant committed in December 2013. He pleaded guilty to one of the counts: possession of ammunition by a convicted felon. The Government dismissed the remaining counts of Hobbs Act robbery and the use of a firearm during the commission of a crime. Under the Armed Career Criminal Act, the Court found Edwards to be subject to a fifteen-year minimum mandatory sentence and sentenced him to 180 months, followed by five years of supervised released. In doing so, the Court relied on the following prior convictions in applying the ACCA to Edwards's sentence: burglary; fleeing and eluding through a high-speed chase; first degree arson; possession with intent to sell or deliver cocaine (two separate convictions: a 1998 case and a 2005 case); and burglary of an unoccupied structure. (Mot. to Vacate, ECF No. 1, 10; Presentence Inv. Rep. ¶ 17, ECF No. 31 in *United States v. Edwards*, Case No. 1:14-cr-20130-RNS (S.D. Fla. 2014).)

On June 24, 2016, Edwards filed the instant motion to vacate, contending that his fifteen-year minimum-mandatory sentence has been rendered illegal by the United States Supreme Court's ruling that the ACCA's residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**2. Legal Framework**

Under the ACCA, a defendant found guilty of possession of ammunition by a convicted felon and who has three previous convictions for a violent felony or a serious drug offense must be imprisoned for at least fifteen years. 18 U.S.C. § 924(e)(1). "Violent felony," in turn, is defined as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is referred to as the "elements clause"; the second prong contains the "enumerated-crimes clause" and the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the United States Supreme Court held in *Johnson* that the residual clause, referring to a felony that "presents a serious potential risk of physical injury to another," is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S. Ct. at 2557–58, 2563. The *Johnson* Court specifically did not call into question the application of either the elements clause or the enumerated crimes clause. *Id.* at 2563. Ten months later the Supreme Court held, in *Welch v. United States*, that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1264–65 (2016).

The Government concedes that, after *Johnson*, Edwards's two burglary convictions and his conviction for fleeing and eluding do not qualify as predicate convictions under the ACCA. Edwards, moreover, acknowledges that his two drug convictions do qualify as predicate convictions. The Government also agrees that Edwards's arson conviction does not satisfy the ACCA's elements clause. Thus the sole dispute between the parties is whether Edwards's arson conviction falls within the enumerated crimes clause thereby

constituting the third predicate prior conviction required for imposition of the ACCA's fifteen-year minimum-mandatory sentence.

### 3. Discussion

Edwards has not objected to Judge Otazo-Reyes's report and recommendation; and the Government does not object to the majority of it. Despite the absence of objections to most of the report, the Court nonetheless has reviewed the entirety of Judge Otazo-Reyes's report de novo. After doing so, the Court adopts those unobjected to portions of Judge Otazo-Reyes's findings and conclusions that set forth the analysis that should be applied to evaluating whether Florida arson is the same as arson as listed in the enumerated-crimes clause of the ACCA as described above.

To summarize, and as set forth by Judge Otazo-Reyes, in making its evaluation, the Court must determine whether the elements of Edwards's prior arson conviction "are the same as, or narrower than, those of the generic offense" such that the prior crime qualifies as an ACCA predicate. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA [enumerated crime]—even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries." *Id.*

The Florida arson statute provides that:

> (1) Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged:
>
> (a) Any dwelling, whether occupied or not, or its contents;
>
> (b) Any structure, or contents thereof, where persons are normally present . . . ; or
>
> (c) Any other structure that he or she knew or had reasonable grounds to believe was occupied by a human being,
>
> is guilty of arson in the first degree, which constitutes a felony of the first degree.

Fla. Stat. § 806.01.

The Eleventh Circuit has not opined on the definition of contemporary, generic arson. To that end, neither party objects to Judge Otazo-Reyes's adoption of the Fifth Circuit's determination that the generic definition of arson "involves a 'willful and malicious burning of property.'" (Rep. & Rec. at 5 (quoting *United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009).) This generally comports with the determinations of the Second, Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits which "have all concluded that the

modern generic definition of arson is the intentional (or willful) and/or malicious burning of property." *United States v. Delgado-Montoya*, 663 F. App'x 719, 724 (10th Cir. 2016) (citing *United States v. Gatson*, 776 F.3d 405, 410 (6th Cir. 2015); *United States v. Misleveck*, 735 F.3d 983, 988 (7th Cir. 2013); *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009); *Velez–Alderete*, 569 F.3d at 546 (per curiam); *United States v. Craig*, 236 Fed. App'x. 863, 865 (4th Cir. 2007) (per curiam) (unpublished); *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991) (per curiam)).

In comparing Florida arson with generic arson, it is readily apparent, as Judge Otazo-Reyes notes, that Florida arson covers more conduct than generic arson. Specifically, Florida arson can be committed either "willfully or unlawfully" *or* "while in the commission of any felony." By contrast, generic arson may only be predicated on "the intentional (or willful) and/or malicious burning of property." *Delgado-Montoya*, 663 F. App'x at 724. However, as Judge Otazo-Reyes concludes, the Florida statute is divisible and Edwards was convicted only for committing arson "willfully and unlawfully" rather than "while in the commission of a felony." (Rep. & Rec. at 7.) Neither party objects to Judge Otazo-Reyes's application of this "modified categorical approach," *Mathis*, 136 S. Ct. at 2249, in assessing the comparison of the Florida statute to generic arson. (Rep. & Rec. at 6.) This Court adopts this framework.

Where the Court parts ways with the report and recommendation, however, is the actual application of this framework to comparing Florida arson with contemporary, generic arson. In her evaluation of the two arsons, Judge Otazo-Reyes narrows the analysis down to determining whether Florida arson's "willful and unlawful" "matches" generic arson's "willful and malicious." (*Id.* at 7.) In concluding that the two phrases "do not match," Judge Otazo-Reyes relies on Florida's Fourth District Court of Appeal's opinion in *Lofton v. State*, 416 So. 2d 522, 523 (Fla. 4th DCA 1982). In that opinion the Florida appellate court explained the evolution of Florida's arson statute which, prior to 1979, prohibited "willful and malicious," as opposed to "willful and unlawful," burning. This change in the statute was implemented, according to the *Lofton* court, to address the difficulty in obtaining arson convictions due to "the problems inherent in proving malice." *Id.* Under Florida law, "malice" in this context was equated with a "defendant's evil intent." *Id.* By substituting the word "unlawfully" for the word "maliciously," said the court, the statute obviated the need for the prosecutor to "prove an evil intent on the part of the perpetrator." *Id.* Instead, under the revised statute, "[i]t need only be shown that the willful act was done without a legitimate, lawful purpose." *Id.* Based on this opinion, the magistrate judge concludes that the "willful and unlawful"

elements of Florida arson do not match the "willful and malicious" elements of generic arson. The Court has reservations about this analysis.

To begin with, *Lofton's* definition of malice as "evil intent" does not comport with how "maliciously" has been defined in the context of generic arson. In the generic arson context, "maliciously" has been defined as "that state of mind which actuates conduct injurious to others without lawful reason, cause or excuse." *United States v. Doe*, 136 F.3d 631, 635 (9th Cir. 1998) (quoting and citing state court cases); *see also* 5 Am. Jur. 2d *Arson and Related Offenses* § 7 (2017) ("'Malicious,' as in the requirement of a malicious burning as used in defining arson, is quite different from its literal meaning. It need not take the form of revenge or ill will, and is done with a design to do an intentional wrongful act toward another . . . without any legal justification, excuse or claim of right"). The Court thus finds that the amendment of Florida's statute was a reflection not of Florida's intention to broaden Florida arson beyond generic arson but, instead, to bring Florida arson in line with generic arson in light of Florida's restrictive definition of malice.

The Court finds Florida arson substantially corresponds to generic arson even though there is not a word-for-word match of the listed elements. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) (requiring a substantial correspondence between the generic offense and the state offense and noting that "exact formulations vary"). The question of what Congress "had in mind" when it added "arson" to the ACCA is to be answered by reference to how "the term is now used in the criminal codes of most States." *Id.* at 598. Additionally, 18 U.S.C. § 844(i), enacted just four years before arson was added to the ACCA, "is powerful evidence" of what Congress regards as arson. *Misleveck*, 735 F.3d at 986. The federal arson statutes apply to a person who acts "maliciously," which includes acting "intentionally or with willful disregard of the likelihood that damage or injury would result," *United States v. Morrison*, 218 F. App'x 933, 941 (11th Cir. 2007), and which is also defined as "that state of mind which actuates conduct injurious to others without lawful reason, cause, or excuse," *Doe*, 136 F.3d at 635. The Court concludes, then, that Florida's requirement of acting "willfully and unlawfully" does not encompasses anything broader than generic arson. *See United States v. Bedonie*, 913 F.2d 782, 791 (10th Cir. 1990) (finding no plain error where jury instructions used the words "unlawfully" and "intentionally" instead of the precise words "willfully" and "maliciously" and noting this discrepancy amounts merely "to a difference between synonyms"); *see also Whaley*, 552 F.3d at 907 (perceiving "little difference," in the arson context, among the words "intentionally," "willfully," "maliciously," "wantonly," and "knowingly").

### 4. Conclusion

The Court finds that the report and recommendation places too much emphasis on the mismatch of the word "unlawfully" in the state-arson context and the word "maliciously" in the generic-arson context. Instead, the Court finds substantial correspondence between the Florida arson statute, under which Edwards was convicted in 1998, and the contemporary, generic arson encompassed in the enumerated-crimes clause of the ACCA. The Court therefore **rejects** section 6 of the report and recommendation (Rep. & Rec. at 7–8), particularly the magistrate judge's recommendation that Edwards's motion be granted, but **adopts** the remainder. The Court thus **denies** Edwards's motion to vacate his sentence (**ECF No. 1**).

The Clerk is directed to **close** this case and any pending motions are **denied as moot**.

**Done and ordered**, in chambers at Miami, Florida, on April 28, 2017.

Robert N. Scola, Jr.
United States District Judge